## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

ANTHONY WASHINGTON,                                                   PLAINTIFF
ADC #146156

v.                                    2:13CV00148-BSM-JJV

DANNY BURL, Warden; *et al.*                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is

       granted)

was not offered at  the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the

       form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.      INTRODUCTION

Anthony Washington ("Plaintiff") is an inmate of the Arkansas Department of

Corrections ("ADC"). He filed this *pro se* action, pursuant to 42 U.S.C. § 1983, claiming

Defendants violated his constitutional rights. After careful review of the documents

submitted, the Court concludes Plaintiff's Complaint should be dismissed for failure to state

a claim upon which relief may be granted.

## II.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."  *Id.*

## III.    ANALYSIS

Plaintiff alleges that Defendants violated his First and Fourteenth Amendment rights when they did not allow him to attend his disciplinary hearing. He further alleges that

Defendants violated his Eighth Amendment rights by acting with deliberate indifference toward him in regard to the aforementioned failure to attend his disciplinary hearing. Finally, Plaintiff alleges that Defendants falsified documents in order to keep him in punitive isolation, and that this constituted cruel and unusual punishment as proscribed by the Eighth Amendment.

Title 42 of the United States Code, section 1983, allows an individual to bring suit against persons who, acting under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). With regard to his claims, Plaintiff has failed to allege the first of these two essential elements. Accordingly, the Court, for the reasons stated below, concludes that no relief can be granted on any of Plaintiff's stated claims.

### A.    Violations of Plaintiff's First and Fourteenth Amendment Rights

Plaintiff's primary claim is that each named Defendant violated his First and Fourteenth Amendment rights by not allowing him to attend his disciplinary hearing. The specific individuals against whom Plaintiff brings this claim are: Warden Burl, Deputy Warden Ball, Deputy Warden Mills, Deputy Warden Earl, Disciplinary Hearing Officer Cody, and Corporal Thorne.

4

The Court begins by noting that nothing in Plaintiff's Complaint implicates a violation of his First Amendment rights. The alleged inability to appear at a prison disciplinary hearing is not an abridgement of Plaintiff's First Amendment rights. The disciplinary hearings at issue arise exclusively under ADC policy, and so too does Plaintiff's right to appear in person at those hearings. It is well established that internal jail or prison policies do not create constitutional rights. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). Accordingly, Plaintiff is not possessed of a First Amendment right to appear and speak at an ADC disciplinary hearing. Plaintiff does not allege that Defendants stymied his First Amendment rights in any other way.

Plaintiff also alleges that he was denied due process under the Fourteenth Amendment when Defendants falsely stated that he waived his right to appear at his disciplinary hearing. This false statement, Plaintiff contends, deprived him of the ability to defend himself against the charges levied against him and resulted in his being confined to punitive isolation for twenty-seven days before the disciplinary decision was reversed for procedural error.

During the disciplinary process, inmates must receive: (1) advance written notice of the charges; (2) an opportunity to present evidence in their defense; (3) a written statement by the fact finder of the reasons for the action; and (4) a decision supported by some evidence in the record. *Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997). However, in order to maintain an actionable procedural due process claim in federal court, an inmate must show that he has been deprived of some constitutionally-protected liberty or property interest. *See Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997). In prisoner cases, a constitutionally

protected liberty interest will arise only when the prisoner can show that he has suffered an

"atypical and significant hardship . . . in relation to the ordinary incidents of prison life," as

contemplated in *Sandin v. Conner* (holding that disciplinary segregated confinement of an

inmate falls within expected parameters of prison life, and does not represent an "atypical

and significant hardship," which would create a protected liberty interest). 515 U.S. 472, 486

(U.S. 1995).   If there is no "atypical and significant hardship" there is essentially no

entitlement to due process.

The United States Court of Appeals for the Eighth Circuit has interpreted *Sandin* as

follows:

> *Sandin* concluded that the inmate had no liberty interest in avoiding the
> disciplinary confinement in issue in that case because that confinement did not
> present an atypical and significant deprivation in relation to the ordinary
> incidents of prison life. Therefore, the Due Process Clause is not implicated
> despite the mandatory nature of the rules relating to the imposition of
> disciplinary confinement.  The Court stated that there are some deprivations,
> and not necessarily those so severe as to independently trigger due process
> protection, against which states could conceivably create a liberty interest.
> Those are deprivations which work such major disruptions in a prisoner's
> environment and life that they present dramatic departures from the basic
> conditions and ordinary incidents of prison sentences.

*Moorman v. Thalacker*, 83 F.3d 970, 972 (8th Cir. 1996) [internal citations omitted] (placing

inmate in "the highest level of disciplinary detention" for fifteen days, followed by 107 days

of progressively less restricted disciplinary detention, was not a dramatic departure from the

ordinary incidents of prison life).  *See also Wycoff v. Nichols,* 94 F.3d 1187, 1188 (8th Cir.

1996) (10 days of disciplinary detention and 100 days in maximum security cell); *Freitas v.*

*Ault*, 109 F.3d 1335 (8th Cir. 1997) (ten days administrative segregation and 30 days "on-

call" status); *Kennedy v. Blankenship*, 100 F.3d 640 (8th Cir. 1996) (demotion within Arkansas prison system from administrative segregation to punitive isolation for 30-day sentence, with loss of telephone, visitation and commissary privileges, is not a "dramatic departure from the basic conditions of confinement").

While Plaintiff, per ADC policy, is correct that he should have been allowed to attend his disciplinary hearing, this improper action by prison officials still does not amount to a due process violation. In this context, there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). Rather, any liberty interest must be an interest in the nature of the prisoner's confinement, "not an interest in the procedures by which the state believes it can best determine how he should be confined." *Id.*

In order to determine whether Plaintiff possessed a liberty interest, the Court must compare the conditions to which he was exposed in punitive isolation with those he could "expect to experience as an ordinary incident of prison life." *Id.* (citing *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). The United States Court of Appeals for the Eighth Circuit has held that demotion to segregation, even without cause, is not itself an atypical and significant hardship. *Phillips v. Norris*, 320 F. 3d 844, 847 (8th Cir. 2003). *See also Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (30 days in punitive segregation not an atypical and significant hardship); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (30 days in punitive isolation – resulting in the loss of working, mailing, commissary, and telephone privileges – was not an atypical and significant hardship). The Court therefore

finds that Plaintiff's transfer to punitive isolation for twenty-seven days was not an atypical and significant hardship.

The Court does not doubt that Plaintiff believes his time in isolation was a significant deprivation, but the law says otherwise. It is unfortunate, if Plaintiff's allegations are true, that some or all Defendants failed to adhere to ADC policy. Such failure to adhere to prison policy, however, does not create a cognizable claim pursuant to 42 U.S.C. § 1983.

**B.     Violations of Plaintiff's Eighth Amendment Rights**

The Court turns to Plaintiff's allegations that Defendants violated his Eighth Amendment rights. Plaintiff alleges that Defendants violated his Eighth Amendment rights by acting with deliberate indifference insofar as each knew, or should have known, ADC policy. As stated in the foregoing section, violations of ADC policy, standing alone, do not give rise to valid constitutional claims.

Plaintiff's claim that the twenty-seven days he endured in isolation was cruel and unusual punishment also fails. Punitive isolation does not, of itself, constitute cruel and unusual punishment. That Plaintiff was placed there without a procedurally proper hearing is irrelevant to this determination. The Eighth Amendment requires only that the Court look at the specific conditions of the confinement to ensure that they were not cruel and unusual. *Phillips v. Norris*, 320 F. 3d 844, 848 (8th Cir. 2003). Plaintiff has not alleged that his treatment in punitive isolation differed from what other inmates typically experience in such conditions. Accordingly, Plaintiff has failed to state a valid Eighth Amendment claim.

## IV.  CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.      Plaintiff's cause of action be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g)[1];

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 28th day of April, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."